UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEVON L BOWEN,<br><br>    Petitioner,<br><br>v.<br><br>DANNY SAMUELS,<br><br>    Respondent. | Case No. 23-cv-00291-JST<br><br>**ORDER GRANTING REQUEST TO REOPEN; VACATING ORDER OF DISMISSAL AND JUDGMENT; ORDERING RESPONDENT TO SHOW CAUSE; DENYING REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>Re: ECF No. 12-14 |

Petitioner, an inmate at California's Men Colony, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the San Francisco Superior Court's 2020 denial of his Cal Penal Code § 1170.95 petition for re-sentencing. *See generally* ECF No. 1. For the reasons set forth below, the Court GRANTS Petitioner's request to reopen the case, ECF No. 7; DENIES as moot Petitioner's request for leave to proceed *in forma pauperis*, ECF No. 6; VACATES the Order of Dismissal and Judgment (ECF Nos. 4, 5); REOPENS this action; and ORDERS Respondent to show cause why federal habeas relief should not be granted.

**I.    Request to Reopen and Request for Ruling**

Petitioner commenced this action on or about January 20, 2023, when he filed a *pro se* petition for a writ of habeas corpus. *See generally* ECF No. 1. On March 27, 2023, the Court dismissed this action without prejudice because Petitioner had not filed an application to proceed *in forma pauperis* or paid the filing fee. ECF Nos. 4, 5. In the Order of Dismissal, the Court instructed Petitioner that any motion requesting leave to reopen this action must be accompanied by either a complete *in forma pauperis* application or a filing fee. ECF No. 4.

On March 13, 2023, the Court received Petitioner's filing fee and docketed the payment on

1  April 3, 2023. ECF No. 8. On March 27, 2023, Petitioner filed a pleading titled, "Application to
2  Reinstate Habeas Corpus and Continue the Docket Order," ECF No. 7, which the Court construes
3  as a request to reopen this action. As Petitioner has fulfilled this filing obligation, the Court
4  GRANTS the request to reopen this action. ECF No. 7. The Court ORDERS the Clerk to
5  VACATE the Order of Dismissal and related judgment, ECF Nos. 4, 5, and REOPEN this action.

## II.  Screening Petition

### A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B.  Petition

In 2011, Petitioner was found guilty of first-degree murder by a San Francisco County jury, and was sentenced to a term of 25 years to life in state prison. ECF No. 1 at 1, 16. On February 8, 2019, Petitioner filed a motion for resentencing pursuant to Cal. Penal Code (s) 1170.95. After holding an evidentiary hearing, the state court denied the resentencing motion, finding that the prosecution had proved that Petitioner was ineligible for resentencing because he was a major participant in the felony underlying the felony murder and he acted with reckless indifference to human life. ECF No. 1 at 17. The petition alleges that there is insufficient evidence to support the state court's conclusion that Petitioner was ineligible for resentencing. *See generally* ECF No. 1.

Liberally construed, the petition states a cognizable claim for federal habeas relief, *see In re Winship*, 397 U.S. 358, 364 (1970) (criminal defendant may be convicted only upon proof beyond reasonable doubt of every fact necessary to constitute crime with which he is charged), and merits an answer from Respondent, *see Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally). Although

resentencing under Section 1172.6 is a state remedy, the denial of a Section 1172.6 resentencing petition could potentially give rise to a due process claim if relief were warranted under the statute but denied, i.e., if the evidence were no longer sufficient to support a conviction of murder or attempted murder because of the changes to Cal. Penal Code § 188 or § 189, made effective January 1, 2019. *See, e.g., People v. Torres*, 46 Cal. App. 5th 1168, 1180 (Cal. Ct. App. 2020) (in discussing defendant's resentencing request pursuant to then Section 1170.95, stating that "[t]here is . . . a possibility that Torres was punished for conduct that is not prohibited by section 190.2 as currently understood, in violation of Torres's constitutional right to due process . . . because it would be unjust for a court to permit a court to deny a petitioner relief on the basis of facts that the jury did not necessarily find true, and which may not be sufficiently supported by the record.").

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court GRANTS Petitioner's request to reopen this action. ECF No. 7. The Court ORDERS the Clerk to VACATE the Order of Dismissal and related judgment (ECF Nos. 4, 5), and REOPEN the case.

2. The Court DENIES as moot Petitioner's request to proceed *in forma pauperis*. ECF No. 6. Petitioner has paid the filing fee. ECF No. 8.

3. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

4. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim(s) found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3

1    If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

5. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

6. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates ECF Nos. 6, 7.

**IT IS SO ORDERED.**

Dated: May 25, 2023



JON S. TIGAR
United States District Judge