UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEVON L. BOWEN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>DANNY SAMUELS,<br><br>　　　　　Respondent. | Case No. 23-cv-00291-RFL (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 12 |

## INTRODUCTION

Petitioner Joevon L. Bowen seeks federal habeas relief from the state court's denial of his petition for resentencing under California Penal Code § 1170.95. Respondent moves to dismiss the petition for failure to state a cognizable claim. The motion is unopposed; Bowen has not filed any response to the motion. The motion is **GRANTED** and the petition is **DISMISSED** because the claim is based on state law and therefore federal habeas relief is unavailable.

## BACKGROUND

According to the petition, in 2011 Bowen was convicted in the San Francisco County Superior Court of first degree murder was sentenced to twenty-five years to life in state prison. (Dkt. No. 1; Mot. to Dismiss (MTD), Dkt. No. 12-1 at 20.) In 2019, he petitioned the state court for resentencing under California Penal Code § 1170.95. (*Id.*) The Superior Court held a hearing and denied the petition after having concluded that petitioner was "a major participant who acted with reckless indifference to human life, and he was thus ineligible for resentencing." (*Id.*) The California Court of Appeal

1

affirmed the denial (*id.*), and the California Supreme Court denied review (*id.* at 33).

Under section 1170.95(a), a petitioner convicted of first degree murder may petition for resentencing under amendments to the Penal Code that eliminated the natural and probable consequences doctrine and limited the scope of the felony-murder rule. *People v. Lewis*, 11 Cal. 5th 952, 959 (Cal. 2021). Among other requirements, the petitioner cannot have been a major participant in the underlying felony who acted with reckless indifference to human life. *Id.*

## DISCUSSION

Violations of state law are not remediable on federal habeas review, even if state law were erroneously interpreted or applied. *Swarthout v. Cooke*, 562 U.S. 216, 218-20 (2011). A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In other words, "it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010).

Whether Bowen is entitled to resentencing under § 1170.95 is a question of state law and is not cognizable on federal habeas review. "[A]n alleged denial of resentencing pursuant to section 1170.95 is a question pertaining solely to state law and does not raise an issue cognizable in a federal habeas corpus proceeding." *Mays v. Montgomery*, No. 2:20-cv-11614-PSG (AFM), 2021 WL 2229082, at *3 (C.D. Cal. Apr. 22, 2021) (collecting cases); *Cole v. Sullivan*, 480 F.Supp.3d 1089, 1097 (C.D. Cal. 2020) (collecting cases). Furthermore, the state courts' determination that Bowen is not eligible for relief under state law binds this federal habeas court. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (a state court's interpretation of state law binds a federal court sitting in habeas corpus). Also, as respondent points out, Bowen's citation to due process is insufficient to turn a state law claim into a federal one. A petitioner may not "transform

2

a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).  "[O]therwise, every erroneous decision by a state court on state law would come here as a federal constitutional question."  *Little v. Crawford*, 449 F.3d 1075, 1083 n.6 (9th Cir. 2006) (citing *Hughes v. Heinze*, 268 F.2d 864, 869-870 (9th Cir. 1959)).  Accordingly, the petition is dismissed.

## CONCLUSION

The petition is **DISMISSED** for failure to state a cognizable claim.  A certificate of appealability will not issue.  Petitioner Bowen has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  He may seek a certificate of appealability in the Ninth Circuit Court of Appeals.

The Clerk shall terminate Dkt. No. 12, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:**  March 25, 2024

_____
RITA F. LIN
United States District Judge